IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALTER OLIPHANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO.: 5:11-CV-352 |
| NORTH COAST LOGISTICS, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Walter Oliphant, by and through undersigned counsel, and files this, his Complaint for Damages, and shows this Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's discriminatory employment practices after Defendant's intentional discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., ("Title VII") and the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("1981").

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

4.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and LR 3, Middle District of Georgia, venue is appropriate in this Court.

## PARTIES

5.

Plaintiff is a male citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant North Coast Logistics, Inc. is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

Defendant North Coast Logistics, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Larry Walker, 909 Ball Street, Perry GA 31069.

## ADMINISTRATIVE PROCEDURES

8.

Plaintiff timely filed a charge of discrimination against Defendant North Coast Logistics, Inc. with the Equal Employment Opportunity Commission (EEOC).

9.

The EEOC issued a "Notice of Right to Sue" on June 7, 2011, entitling an action to be commenced within ninety (90) days of receipt of that notice.

10.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

11.

Defendant North Coast Logistics, Inc. is now, and at all times relevant hereto, has been in an industry affecting commerce and has employed more than the requisite number of employees for the requisite duration within the meaning of 42 U.S.C. § 2000e.

12.

Plaintiff, an African-American male, began working as a contract truck driver at Defendant North Coast Logistics on or about October 1, 2010.

13.

Plaintiff was told that there was no work for any drivers on February 8 and 9, 2011.  After Plaintiff found out that Mike Johnson (Caucasian) worked in Plaintiff's place on those days, he verbally complained to his supervisor, Steve, about discriminatory work assignment policies.

14.

Plaintiff was hired on a permanent basis by Defendant on or about March 21, 2011.  He began a 90 day probationary period that must be completed prior to receiving employee health and dental benefits.

15.

On April 29, 2011, Plaintiff was called at home during his off-duty time and asked to come in to work early due to an accident involving another driver falling asleep at the wheel.  Plaintiff was asked to go to the scene of the accident and pick up the trailer.

16.

Upon reaching the scene of the accident, Plaintiff was told that the wrecked tractor and trailer would both be towed and that Mike Johnson (Caucasian) would be using Plaintiff's trailer, so Plaintiff would have to wait for a day shift driver to pick him up on April 30, 2011.

17.

The driver who fell asleep at the wheel (Caucasian) was not terminated nor disciplined after the accident and continued to work at North Coast Logistics.

18.

On May 2, 2011, Plaintiff was given a verbal warning by General Manager Bernard Davis for allegedly stopping for too long on his return from the delivery on April 29-30, 2011.  Plaintiff explained that he was fatigued and was stopping per Department of Transportation regulations governing such matters.

19.

On May 4, 2011, Plaintiff was terminated, allegedly for poor job performance, although he did not have any accidents, miss any shifts or break any company equipment.

## CAUSES OF ACTION

### Violation of Title VII

20.

Plaintiff is an African-American male and during his employment with Defendant was a member of a class protected under Title VII against race based discrimination.

21.

At all relevant times, Plaintiff fully, adequately and completely performed

all of the functions, duties and responsibilities of his employment with Defendant.

22.

Plaintiff was treated more harshly than his Caucasian co-workers, who were not disciplined nor terminated for much more egregious violations of company policy than were alleged against Plaintiff.

23.

As a result of Defendant's policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race, including having his scheduled loads given to Caucasian drivers for no apparent reason.

24.

As a further result of Defendant's above stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages, prospective benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his race and in an amount to be proven at trial.

**Violation of 42 U.S.C. Section 1981**

25.

Plaintiff was employed by Defendant, which employment was contractual as that term is used in 42 U.S.C. § 1981.  Defendant, acting under color of law, discriminated against Plaintiff on the basis of race.

26.

As a result of the Defendant's misconduct, Plaintiff has suffered mental and emotional distress including grief, shame, humiliation, embarrassment, anger, worry and disappointment.

27.

The actions of Defendant were willful, wanton, and intentionally directed to harm the Plaintiff.

28.

Defendant's actions were reckless and taken in willful disregard of the probable consequences of their actions.

WHEREFORE, Plaintiff demands judgment as follows:

    (a)    General damages for mental and emotional suffering caused by Defendants' misconduct;

    (b)    Special damages for lost wages and benefits;

    (c)    Reasonable attorney's fees, costs, and expenses of litigation as provided by law;

    (d)    Trial by jury as to all issues;

    (e)    Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

    (f)    All other relief to which Plaintiff may be entitled.

Respectfully submitted, this 5th day of September, 2011.

                                      **THE SHARMAN LAW FIRM LLC**

                                      <u>/s/ Paul J. Sharman</u>
                                      PAUL J. SHARMAN
                                      Georgia State Bar No. 227207

                                      The Sharman Law Firm LLC
                                      11175 Cicero Drive, Suite 100
                                      Alpharetta, GA 30022
                                      Phone: (678) 242-5297
                                      Fax: (678) 242-5297
                                      Email: paul@sharman-law.com

                                      Counsel for Plaintiff