IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALTER OLIPHANT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NORTH COAST LOGISTICS, INC., )<br>)<br>    Defendant. )<br>_____) | Case No: 5:11-CV-00352-MTT |

## ANSWER

COMES NOW Defendant, North Coast Logistics, Inc., by and through counsel, Constangy, Brooks & Smith LLP, and files its Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff fails to state a claim for the recovery of punitive damages upon which relief may be granted.

### THIRD DEFENSE

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

### FOURTH DEFENSE

Plaintiff was employed at-will with Defendant, and Defendant had the right to terminate employment at any time for any reason.

**FIFTH DEFENSE**

Plaintiff's claims are barred to the extent there was no causal connection between the events alleged in the Complaint and any damages which were allegedly suffered.

**SIXTH DEFENSE**

To the extent that Plaintiff was damaged as a consequence of his own actions, or failed to properly notice or act in accordance with company policies, Plaintiff is estopped from recovering for his claims.

**SEVENTH DEFENSE**

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.  Plaintiff further must mitigate all damages and to the extent Plaintiff has failed to do so, Plaintiff's damage claims must be reduced.

**EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent that this court lacks subject matter and/or other jurisdiction over all or portions of Plaintiff's Complaint.

**NINTH DEFENSE**

Defendant is entitled to recover cost of court and attorneys fees for the defense of Plaintiff's action to the extent that this action is frivolous and without foundation in law or in fact.

**TENTH DEFENSE**

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

**ELEVENTH DEFENSE**

The Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward the Plaintiff.

**TWELFTH DEFENSE**

Plaintiff's claims may be barred from recovery by the doctrine of unclean hands.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because process was insufficient.

**THIRTEENTH DEFENSE**

Defendant's actions were taken in good faith and for legitimate business reasons without regard for Plaintiff's race.  Even if race had been a factor, the same decision would have been made without regard for race.

**FOURTEENTH DEFENSE**

In answer to this specific allegations of the Complaint, Defendant responds as follows:

1. Paragraph 1 does not require a response because it does not comply with the requirement of the Federal Rules of Civil Procedure that Plaintiff present a short, plain statement of the facts. To the extent that a response is required, Defendant admits that Plaintiff brings a claim seeking relief.  Defendant specifically denies any allegation or inference contained in paragraph 1 of the Complaint that Plaintiff is entitled to said relief.

2.  Defendant admits the allegations contained in paragraph 2 of the Complaint only to the extent they purport to allege claims arising under Title VII and 42 U.S.C. § 1981.  Defendant denies any allegation or inference that it discriminated, or that said statutes provide bases for relief in this case.

3.  Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.  Defendant denies the allegations contained in paragraph 4 of the Complaint that unlawful practices occurred.  Defendant admits the remainder of this paragraph.

5.  Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.  Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.  Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.  Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.  Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint that Plaintiff is black and was employed by Defendant.  Defendant denies the remainder of the allegations contained in this paragraph.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint is argumentative, not a short, plain statement of the facts anticipated by the Federal Rules of Civil Procedure.  To the extent an answer is required, Defendant avers that the reason for the termination of Plaintiff's employment was not "alleged," and that accidents, missed shifts and equipment breakages are irrelevant to the issues presented in this case.

20.     Defendant admits the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant admits the allegations contained in the first sentence of paragraph 50 of the Complaint.  Defendant denies the allegations contained in the second sentence of that paragraph.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies any allegation contained in the Complaint that is not specifically admitted in the Answer.

30.     Defendant denies that Plaintiff is entitled to relief.

WHEREFORE, Defendant respectfully requests that:

(a) The Complaint be dismissed;

(b) Judgment be entered for Defendant;

(c) Plaintiffs take nothing;

(d) Defendant be awarded its costs in defending this matter; and

(e) Defendant be awarded such other and further relief as this Court deems proper.

Respectfully submitted this 21st day of December, 2011.

CONSTANGY, BROOKS & SMITH LLP

/s/ William M. Clifton III
WILLIAM M. CLIFTON III
Georgia Bar No. 170176
ALYSSA PETERS MORRIS
Georgia Bar No. 455211

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
(478) 750-8686

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Paul J. Sharman, Esq.
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022

Dated this 21st day of December, 2011.

        CONSTANGY, BROOKS & SMITH LLP

        /s/ William M. Clifton III
        WILLIAM M. CLIFTON III
        Georgia  Bar No. 170176

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600